# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME GRANT, CDCR #T-88442,<br><br>                     Plaintiff,<br><br>vs.<br><br>L.V.N. DAHLENE; J. LEWIS,<br><br>                     Defendants. | Civil No.  14cv2156 LAB (NLS)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Jerome Grant ("Plaintiff"), currently incarcerated at the California Men's Colony located in San Luis Obispo, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 civil filing fee and $50 administrative fee mandated by 28 U.S.C. § 1914(a); instead he had filed a Motion to Proceed *In Forma Pauperis* [ECF No. 2].

/ / /

/ / /

**I.  Venue**

Upon initial review, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations arising out of events occurring at Chuckawalla State Prison located in Blythe, California, which is in Riverside County. (Compl. at 2.) Riverside County is located in the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(1). Plaintiff claims did not arise in either San Diego or Imperial Counties, and no Defendant is alleged to reside here. *Id.* § 84(d).

Therefore, the Court finds venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but *not* in the Southern District of California, pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

/ / /

/ / /

/ / /

## II. Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

DATED: September 18, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge